UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LEVEL THE PLAYING FIELD, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:15-cv-01397 (TSC) |
| FEDERAL ELECTION COMMISSION, | ) ) | FEC OPPOSITION |
| Defendant. | ) ) ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S OPPOSITION
TO BETTER FOR AMERICA, INC.'S MOTION FOR PERMISSIVE INTERVENTION
OR, ALTERNATIVELY, TO PARTICIPATE AS *AMICUS CURIAE***

Better for America, Inc. ("BFA") has filed a motion for permissive intervention as a plaintiff or, alternatively, for leave to appear as *amicus curiae* supporting plaintiffs in this case, and seeks to file a 10-page memorandum. (Better for America, Inc.'s Motion for Permissive Intervention as a Plaintiff or, in the Alternative, Leave to Participate as an *amicus curiae* n Support of the Existing Plaintiffs (June 29, 2016) (Doc. 53) ("BFA Mot.").) For the reasons listed below, the Federal Election Commission ("FEC") opposes BFA's motion.

1. This case has been pending for nearly a year. Plaintiffs' complaint was filed on August 27, 2015 (Doc. No. 1), and plaintiffs filed amended complaints on October 22, 2015, and January 1, 2016. (Doc. Nos. 17, 25.) The FEC answered the complaint on January 19, 2016 (Doc. No. 27), and the pleadings are now closed.

2. Pursuant to the Court's December 2, 2015 scheduling order (Doc. No. 21), plaintiffs' motion for summary judgment was filed on April 6, 2016 (Doc. No. 37), the FEC's combined opposition and cross-motion was filed on May 5, 2016 (Doc. Nos. 42, 43), plaintiffs'

1

combined opposition and reply was filed on June 8, 2016 (Doc. Nos. 47, 48), and the FEC's reply brief was filed on July 13, 2016 (Doc. No. 55.)  Briefing on the parties' cross-motions for summary judgment is thus likewise now complete.

3.   In that same scheduling order, the Court set a deadline of March 6, 2016, for filing motions to appear as *amici curiae*, and a deadline of April 13, 2016, to file *amicus* briefs supporting plaintiffs' motion for summary judgment.  (Order ¶¶ 7(a), (c) (Dec. 2, 2015 (Doc. No. 21)).)  The deadlines for seeking to appear as an *amicus* in this case thus expired more than four months ago.  (*Id.* ¶ 7(a).)  Before that deadline expired, two organizations (FairVote and Independent Voter Project) timely filed *amicus* motions, which the Court granted, and then timely filed *amicus* briefs supporting plaintiffs' summary judgment motion.  (Doc. Nos. 32, 33, 38, 39; Minute Orders (Mar. 14, 2016).)[1]

4.   BFA moves for permissive intervention to challenge the FEC's motion to dismiss plaintiffs' administrative complaints and denial of LPF's rulemaking petition.  BFA contends that it has unspecified claims involving common questions of law and fact with plaintiffs "related to debate access" (BFA Mot. at 3), but BFA was not a complainant in the underlying enforcement matters (Matters Under Review 6869 and 6942), and BFA did not file the rulemaking petition at issue (REG 2014-06) nor even comment in that rulemaking.  Nor has BFA otherwise identified any way in which it has suffered a legally cognizable injury as a result of the challenged Commission decisions.

"[T]he plain language of [52 U.S.C. § 30109(a)(8)] makes clear that [judicial review] is only available to parties to the administrative complaint." *Judicial Watch v. FEC*, 293 F. Supp. 2d 41, 45 (D.D.C. 2003); *Common Cause v. FEC*, 108 F.3d 413, 419 (D.C. Cir. 1997) (per

---

[1]   The Commission on Presidential Debates timely filed an *amicus* motion and brief supporting the FEC.  (Doc. Nos. 30, 45; Minute Order (Mar. 14, 2016).)

curiam) (explaining that to establish standing under 52 U.S.C. § 30109(a)(8), a plaintiff must show a "legally cognizable injury as a result of the FEC's dismissal of *its* complaint" (emphasis added). BFA thus plainly lacks standing to intervene as a plaintiff to challenge the Commission's dismissals of Matters Under Review 6869 and 6942.

BFA likewise lacks standing to challenge the FEC's denial of LPF's rulemaking petition, in which BFA did not participate. BFA describes itself as "a non-profit organization devoted to educating the public about presidential ballot access and election procedures," which "is actively working to prove to the public that a qualified American may still obtain ballot access and compete in the 2016 presidential election." (BFA Mot. at 3.) Even if BFA had joined in the LPF's rulemaking petition, it would still need to demonstrate either an informational injury, *i.e.*, that BFA was "directly deprived of information that must be disclosed under a statute," or a programmatic injury, *i.e.*, that the challenged decision caused the party a "concrete and demonstrable injury to the organization's activities" that is "more than simply a setback to the organization's abstract social interests." *See Citizens for Responsibility & Ethics in Washington v. IRS*, 21 F. Supp. 3d 25, 32, 36-37 (D.D.C. 2014) (dismissing petitioner's challenge to agency's refusal to initiate a rulemaking). Its motion fails to allege either.

In addition, in this Circuit, a "putative intervenor must ordinarily present both "an independent ground for subject matter jurisdiction" and " timely motion." *EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998); *see Keepeagle v. Vilsack*, 307 F.R.D. 233, 245-246 (D.D.C. 2014) (concluding that "lack of standing dooms [movants'] request for permissive intervention"; citing *Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 195-196 (D.C. Cir. 2013) (Silberman, J., concurring)). BFA fails to allege an independent ground for subject matter jurisdiction and its motion is plainly untimely, as discussed *infra* ¶ 5.

For all of these reasons, BFA's request to intervene should be denied.

5.     BFA acknowledges that its interests are "not identical" to plaintiffs and asserts that BFA intends to "highlight other points." (BFA Mot. at 5.)  BFA nevertheless asserts that its participation, either as a plaintiff or *amicus*, would not unduly delay or prejudice the resolution of this case because BFA's proposed 10-page memorandum would be filed within seven days of an order granting intervention or *amicus* status.  But as described above, the pleadings in this case are closed and summary judgment briefing is complete.  The filing of an additional brief by an intervenor or amicus at this point would thus undeniably delay the proceedings in this case.  Moreover, and as the D.C. Circuit has observed, "[t]he 'delay or prejudice' standard presumably captures all the possible drawbacks of piling on parties; the concomitant issue proliferation and confusion will result in delay as parties and court expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of the extra cost but also of an increased risk of error." *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997).  BFA therefore should not permitted to expand the action and delay these proceedings and its motion to intervene should be denied *because* it plans to do so.  *Id.*; *see also United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319139, at *2 (D.D.C. Feb. 28, 2002) (denying intervention when it "would unduly delay proceedings and cause prejudice to the parties").  Given the belated filing of BFA's motion, just two weeks before the July 13, 2016 due date for the FEC's reply brief, BFA's very delayed motion to intervene or participate as an *amicus* would prejudice the FEC and potentially cause delays in this case. For this additional reason, BFA's motion should be denied.

6.     This Court recently denied a similar untimely motion to appear as *amicus curiae* filed by Sam Husseini.  (*See* Doc. No. 49; Minute Order (June 29, 2016).)

7. For the foregoing reasons, BFA's motion therefore should be denied.

Respectfully submitted,

Daniel A. Petalas (D.C. Bar No. 467908)  
Acting General Counsel  
dpetalas@fec.gov

Lisa J. Stevenson (D.C. Bar No. 457628)  
Deputy General Counsel – Law  
lstevenson@fec.gov

Kevin Deeley  
Acting Associate General Counsel  
kdeeley@fec.gov

Erin Chlopak (D.C. Bar. No. 496370)  
Acting Assistant General Counsel  
echlopak@fec.gov

*/s/ Robert W. Bonham III*  
Robert W. Bonham III (D.C. Bar. No. 397859)  
Senior Attorney  
rbonham@fec.gov

Jin Lee (D.C. Bar. No. 484455)  
Attorney  
jlee@fec.gov

COUNSEL FOR DEFENDANT  
FEDERAL ELECTION COMMISSION  
999 E Street, N.W.  
Washington, DC 20463  
(202) 694-1650

July 15, 2016