## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEVEL THE PLAYING FIELD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-01397 (TSC) |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT FEDERAL ELECTION COMMISSION'S
## MOTION FOR CLARIFICATION, RECONSIDERATION,
## AND/OR PARTIAL EXTENSION OF TIME

This case concerns, *inter alia*, the Federal Election Commission's ("FEC" or "Commission") determination that there was no "reason to believe" that plaintiffs' administrative complaints established violations of the Federal Election Campaign Act ("FECA") or FEC regulations.  As explained in the FEC's summary-judgment brief (FEC Summ. J. Mem. at 3-4 (Docket No. 42-1)), that preliminary determination is an initial part of FECA's detailed enforcement scheme for determining whether FECA has been violated and is followed, where reason to believe is found, by additional mandatory statutory procedures.

In its recent Memorandum Opinion and Order (collectively, "remand order") (Docket Nos. 60, 61), this Court ordered the Commission to reconsider plaintiffs' allegations and evidence, notify ten directors that were not notified in connection with the Commission's original processing of plaintiffs' administrative complaints, and "issue a new decision consistent with this Opinion" on the two administrative complaints underlying this case "within 30 days." (Order (Docket No. 61).)  It is not entirely clear whether the "decision" the Commission must

"issue" pursuant to that order is one determining whether to find reason to believe a violation

has occurred, or make a final decision regarding whether the administrative respondents have

violated FECA.  As explained below, other courts have declined to read FECA's remand

provision to require issuance of "a decision" on an enforcement matter within 30 days because,

*inter alia*, the statutorily required time periods may render impossible full resolution of an

enforcement matter within 30 days after remand.

That is true here, where the Commission must (a) determine whether to appeal the

Court's order and, if not, (b) send notification of the administrative complaints to the ten

remaining respondents and provide them at least the 15 days required by FECA to submit

written responses to the Commission, 52 U.S.C. § 30109(a)(1), (c) consider any written

responses from the ten remaining respondents, (d) reconsider the material already in the record

in light of the Court's opinion, (e) consider the recommendations of its General Counsel and

deliberate over whether to find reason to believe, and (f) vote on whether to find reason to

believe and agree on a written explanation of the Commission's determination (or adopt the

written recommendations of the General Counsel) at the time of that vote or soon thereafter.

The Court's remand order also should not assume any particular outcome on remand, as the

Court noted (Mem. Op. at 23), and therefore should permit time for the Commission to find on

remand that there is reason to believe a violation of FECA has occurred.  If it did so, additional

required steps could include (g) an investigation, (h) briefing regarding whether there is

probable cause to believe a violation of FECA has occurred, (i) a minimum of thirty days for

mandated efforts to enter into a conciliation agreement, and (j) a Commission vote to authorize a

civil suit.

The Commission respectfully submits that 30 days is insufficient time to complete all of these steps.  It therefore requests clarification that the "decision" referenced in the Court's remand order was whether there was "reason to believe" a violation had occurred, and moves pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1) and (6) for partial relief from the portion of the judgment requiring issuance of "a new decision . . . within 30 days."  The Commission alternatively seeks the same relief pursuant to Rule 6(b)(1)(A).  While a number of steps can be taken within 30 days, including a determination regarding whether to appeal and notification and briefing for other respondents, the Commission requests an additional 30 days, until April 3, 2017, to make a determination as to whether there is reason to believe a violation has occurred.  The 30-day deadline for issuing a "new decision" on the administrative complaints is the sole subject of this motion; the FEC does not seek reconsideration of any other portion of the Court's remand order.

Pursuant to Local Civil Rule 7(m), the Commission conferred with counsel for plaintiffs today.  Plaintiffs' counsel indicated they could not take a position without seeing the motion (which the Commission was today in the process of finalizing), but will review it and promptly advise the court of their position after it has been filed.

## FACTUAL AND LEGAL BACKGROUND

On February 1, 2017, the Court found, *inter alia*, that the FEC acted contrary to law in dismissing two administrative complaints:  the first filed by Level the Playing Field ("LPF") and Peter Ackerman, and the second filed by the Green Party and Libertarian Party.  (Mem. Op. at 23.)  The Court ordered the FEC "to reconsider the evidence and allegations and issue a new decision consistent with this Opinion 'within 30 days, failing which the complainant[s] may

bring, in the name of such complainant[s], a civil action to remedy the violation involved in the original complaint.'" (Order.)

The Commission must determine whether to appeal the Court's remand order.  That determination, like other "decisions of the Commission with respect to the exercise of its duties and powers," is required by FECA to be made by "the affirmative vote of 4 members of the Commission."  52 U.S.C. §§ 30106(c), 30107(a)(6).  Under the Federal Rules of Appellate Procedure, federal agencies like the Commission ordinarily have up to 60 days from the issuance of a decision to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(B).

The Court further ordered the FEC to notify ten directors of the Commission on Presidential Debates ("CPD"), who had been identified as respondents to the administrative complaints but not previously notified of the complaints by the Commission, and consider the allegations and evidence presented against them when reconsidering its dismissal decisions. (Mem. Op. at 18-19.)  Under FECA, the Commission must provide these respondents "the opportunity to demonstrate, in writing, to the Commission within 15 days after notification that no action should be taken against such person on the basis of the complaint."  52 U.S.C. § 30109(a)(1).  FECA does not permit the Commission to take "any vote on the complaint, other than a vote to dismiss" until after that 15-day period has expired.  *Id.*

After considering plaintiffs' allegations and evidence, as well as any responses received from respondents, the Commission generally receives a recommendation from its General Counsel and then determines whether there is "reason to believe" FECA has been violated.  52 U.S.C. § 30109(a)(2).  If four or more of the six FEC Commissioners find no "reason to believe" that respondents violated the Act, the Commission then closes the matter.  Such a Commission decision is explained, including for purposes of judicial review, either through reasoning adopted

by the controlling group of Commissioners or, in the absence of one, from the recommendation of the Office of General Counsel. *See FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 38 & n.19 (1981) (staff report may provide a basis for the Commission's action); *FEC v. Nat'l Republican Senatorial Comm.*, 966 F.2d 1471, 1476 (D.C. Cir. 1992) (statement of reasons from controlling group of Commissioners may provide basis for the Commission's action).

If, on the other hand, at least four Commissioners do find reason to believe FECA has been violated, the enforcement matter proceeds to notification of the factual basis and alleged violations, 52 U.S.C. § 30109(a)(2), and other potential steps, including an investigation, *id.*; notification to respondents of the General Counsel's recommendation to the Commission as to whether there is probable cause to find that a violation occurred, *id.* at § 30109(a)(3); 15 days for submission of any brief submitted by respondents in response to those notifications, *id.*; a vote by the Commission on whether to find probable cause, *id.* at § 30109(a)(4)(A)(i); if the Commission does find probable cause, mandatory conciliation efforts for a minimum of 30 days, *id.*; and, if conciliation attempts fail, a Commission vote on whether to file a civil action for relief in federal court, *id.* § 30109(6)(A). FECA mandates that all of these procedures must be kept confidential — neither the general public nor the administrative complainants are notified about the progress of an enforcement mater until it has been completed. *Id.* § 30109(a)(12).

## ARGUMENT

### A.    STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotation omitted). Clarification regarding language used in a court order is a permissible ground for such a motion. *Id.*

(summarizing cases).

Under Rule 59(e), motions to alter or amend a judgment are properly granted if "the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (internal quotation marks omitted); *see also Firestone v. Firestone*, 76 F.3d 1205, 1208-09 (D.C. Cir. 1996) (per curiam).

Federal Rule of Civil Procedure 60(b)(1) provides that courts may provide relief from an order for reasons of "mistake, inadvertence, surprise, or excusable neglect." This Circuit and others have recognized that the rule's reference to a "mistake" encompasses not only mistakes made by litigants, but also mistakes made by the Court. *See, e.g., D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 453 (D.C. Cir. 1975) (per curiam) (holding that district court abused its discretion by failing to correct a legal error pursuant to Rule 60(b)(1)); 11 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2858.1 (4th ed. 2012) (discussing relief under Rule 60(b)(1) for "Court Errors and Mistakes"). The Court also has discretion to provide relief from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Rules further provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court "has discretion to grant timely requests for extensions [under Rule 6(b)(1)]." *Woodruff v. McPhie*, 593 F.Supp.2d 272, 276 (D.D.C. 2009) *aff'd*, 383 Fed. App'x 5 (D.C. Cir. 2010).

**B.    THE STATUTORY DIRECTIVE FOR THE COMMISSION TO "CONFORM" WITHIN 30 DAYS OF REMAND DOES NOT REQUIRE THE COMMISSION TO ENTIRELY RESOLVE A MATTER WITHIN THAT TIME**

FECA provides that a district court may declare a dismissal decision contrary to law "and may direct the Commission to conform with such declaration within 30 days." 52 U.S.C. § 30109(a)(8)(C).  Courts in this district have recognized, however, that "other FECA provisions clearly require the FEC to follow the statutorily-required process in dealing with administrative complaints," and those time periods make complete resolution of a matter within 30 days impossible.  *Hagelin v. FEC*, 332 F. Supp. 2d 71, 82 (D.D.C. 2004) (citing *Common Cause v. FEC*, 729 F. Supp. 148, 153 (D.D.C. 1990)), *rev'd on other grounds and remanded*, 411 F.3d 237 (D.C. Cir. 2005).  "Nothing in § [30109(a)(8)(C)] allows the court to make the FEC disregard procedures mandated by FECA."  *Id.* at 82 (citing 52 U.S.C. § 30109(a)(2); *id.* § 30109(a)(6)(A)); *see also Perot v. FEC*, 97 F.3d 553, 559 (D.C. Cir. 1996) (per curiam) (explaining that "[s]ection [30109] is as specific a mandate as one can imagine; as such, the procedures it sets forth . . . must be followed," and "[w]hen the FEC's failure to act is contrary to law, we have interpreted § [30109](a)(8)(C) to allow nothing more than an order requiring FEC action").  "[C]onform with," Congress's chosen phrase, "however vague, simply indicates that the FEC must conform with [a] court's order, however formulated, within 30 days," but remand orders cannot conflict with other provisions of FECA.  *Hagelin*, 332 F. Supp. 2d at 81-82.[1]

---

[1]    The Court of Appeals has similarly harmonized the time period in FECA's authorization for actions alleging unlawful FEC delay.  An administrative complainant can bring such a suit if the Commission "fail[s] . . . to act on [the] complaint during the 120-day period beginning on the date the complaint is filed."  52 U.S.C. § 30109(a)(8)(A).  FECA's procedures, as described above, make it impossible for many cases to be completed 120 days or less after an administrative complaint is filed.  The Court of Appeals has thus explained that it is "dead wrong" to interpret the 120-day requirement for FEC action in section 30109(a)(8) to mean that the agency is required to resolve administrative complaints within that timeframe — or even

The structure of FECA's enforcement scheme precludes a requirement that the Commission fully complete its consideration of an enforcement matter within 30 days. Remanding courts cannot order any particular outcome on remand (Mem. Op. at 23), and it is impossible for the Commission complete all of the statutorily required time steps in the administrative process should the Commission choose to move forward with enforcement.  It is often not possible for the Commission to complete action on remanded matters even if it does not proceed all the way to initiation of a civil action against a respondent.  For that reason, the statute requires only that the Commission "conform" within 30 days, rather than that it completes the entire enforcement proceeding.

### C.  THE 30-DAY PERIOD IMPOSED BY THE COURT IS INSUFFICIENT IN THIS CASE

As explained above, the Commission has not yet determined whether to appeal the Court's ruling.  The Commission cannot make new reason-to-believe findings while determining whether to appeal because it would risk mooting any such appeal.  The Federal Rules of Appellate Procedure ordinarily provide federal agencies like the FEC up to 60 days to make determinations on appeals, Fed. R. App. P. 4(a)(1)(B), and the remand order allows only half of that time for collectively deciding whether to appeal and, if not, complying with the Court's (and FECA's) mandates on remand.  The Commission respectfully submits that 30 days is not enough time to ensure that the FEC can fulfill these requirements, even as the agency acts as quickly as possible.

---

within an election cycle.  *FEC v. Rose*, 806 F.2d 1081, 1092 (D.C. Cir. 1986); *id.* at 1091-92 & n.17 (explaining that an investigation taking "approximately two years d[id] not, standing alone, violate a rule of reason," and that "[i]t is not for the judiciary to ride roughshod over agency procedures or sit as a board of superintend[e]nce directing where limited agency resources will be devoted" because "[w]e are not here to run the agencies"); *see also In re Nat'l Cong. Club*, No. 84-5701/5719, 1984 WL 148396, at *1 (D.C. Cir. Oct. 24, 1984) (per curiam).

The path forward for the matters under review is not certain and, under some scenarios, it would be impossible for the FEC to comply with the Court's order, particularly if the order is construed to encompass all potential final decisions.  After receiving a recommendation from the General Counsel and reconsidering plaintiffs' allegations and evidence, the Commission could again find no reason to believe and dismiss the complaints again with more detailed explanation.  It is also possible, however, that after such reconsideration, the Commission could vote to find that there is reason to believe a violation has occurred.  In that scenario, FECA requires that the matter proceed to multiple additional steps, potentially including an investigation, a recommendation by the General Counsel on whether there is probable cause that a violation occurred, a vote by the Commission on whether to find probable cause, and, in the event the Commission finds probable cause, a 30-day mandatory conciliation period.  *See supra* p.5.[2]

If the Court intended for its order to require the Commission to "issue . . . within 30 days" a "decision" solely on whether there is reason to believe any violations of FECA occurred, the Commission requests clarification of the order to that effect.  So construed, compliance with a remand order with a definitive timetable — though for a period somewhat greater than 30 days — would be considerably more feasible under the different potential scenarios on remand.  If, on the other hand, the Court intended for its Order to require the Commission to "issue . . . within 30 days" a final "decision" no matter how reached, including if the Commission were to conclude there was reason to believe violations of FECA occurred, compliance with the order would not be possible if the remand unfolded in that way.

---

[2]    Because FECA requires all of this activity to be conducted confidentially, 52 U.S.C. § 30109(a)(12), in the event the Commission accepts the remand and ultimately finds reason to believe, it would not be able to issue its reason-to-believe decision publicly within 30 days. (Mem. Op. at 23.)

In addition, even if the order were clarified to require a reason-to-believe finding within a defined period of time, 30 days would still be unduly expedited.  Under FECA, the Commission must provide individuals identified as respondents in an administrative complaint at least fifteen days from the date they are notified of the allegations to provide a written response to the allegations, and the Commission cannot vote on the complaint, other than a vote to dismiss, until after that fifteen-day period has expired.  52 U.S.C. § 30109(a)(1).  FECA's procedures are "purposely designed to ensure fairness not only to complainants but also to respondents."  *Perot*, 97 F.3d at 559.  The 30-day deadline set by this Court would give the Commission and its staff minimal time to consider any timely responses received as a result of the notifications ordered by this Court.[3]

Moreover, even setting aside these issues related to the Commission's decision whether to appeal and notification of the remaining respondents, it would still be difficult to fulfill this Court's mandate that the agency thoroughly explain its consideration and analysis of the voluminous record compiled by plaintiffs in this matter.  The Court has ordered the FEC to

---

[3]     That timeline would also constrain the Commission's discretion in providing customary additional time to the newly named respondents.  In practice, many respondents, especially those involved in matters with long administrative complaints such as this one, find that fifteen days is inadequate time to retain legal counsel and fully address the allegations that have been made against them.  For that reason, respondents routinely request and are granted additional time by the Commission.  For example, in this case, respondent CPD initially requested, and was granted, an additional 30 days to respond to plaintiffs' allegations.  (AR2785.)  When even that deadline proved difficult to meet, CPD requested, and was granted, an additional 21-day extension.  (AR2790.)  CPD ultimately responded on December 15, 2014, almost three full months after notice was sent.  (AR2867-3088.)  Based on the Commission's prior experiences, it is likely that at least some of the recently notified respondents will request additional time.  Insisting on the fifteen-day deadline for these responses would diminish the ability of these respondents to adequately address the allegations against them, especially considering that another respondent in the same matter was afforded almost three months to draft its written response.  But granting even a modest amount of additional time to respondents is impossible under the Court's order.

"demonstrate that it actually considered the full scope of this evidence, including the CPD chairmen's and directors' partisan political activity and the expert reports, as well as explain how and why it rejected this evidence in deciding that the CPD's polling requirement is an objective criterion." (Mem. Op. at 23.)  The administrative complaint submitted by plaintiffs is 60 pages long and has over 700 pages of exhibits.  (AR2001-2771.)  Plaintiffs also filed two addenda to the complaint that total over 60 pages of arguments and exhibits.  (AR2794-2863; AR 3093-3109).  The responses from CPD total over 200 pages of argument and exhibits.  (AR2867-3088; AR3114-3153.)  Reconsidering plaintiffs' voluminous allegations and evidentiary submissions and providing the more detailed analysis required by the Court's remand order takes some time, particularly for an agency of six Commissioners who are statutorily required to reach their decisions through a deliberative process.

The Court has concluded that the rulings at issue in this litigation relate solely to debates for presidential general elections, which are more than three and a half years away.  The Commission nevertheless recognizes that these matters have been pending for several years, and is prepared to act expeditiously.  Requiring more extreme expedition on remand, however, would not be consistent with FECA and would ill serve the Court's objectives in sending the matter to the Commission.  "[E]ven when a party requests urgent relief, laboring under the belief that the *Götterdämmerung* of representative democracy is at hand, the court cannot require immediate action by the FEC that would force it to disregard FECA's procedures."  *Hagelin*, 332 F. Supp. 2d at 82-83.  The Commission suggests that at the 30-day mark for this case, the Court require that the Commission "conform with" its order by having determined whether to appeal, by having agency staff reopened the matters under review in the event the order is not appealed, and by having provided the additional notifications to the other respondents.  Should the Court wish

to impose an additional deadline on when the Commission decides whether there is reason to believe FECA violations occurred, the Commission requests an additional 30 days, or until April 3, 2017.

## CONCLUSION

For the foregoing reasons, the Commission requests that the Court clarify or reconsider the portion of its order requiring the FEC to "issue a new decision" on plaintiffs' administrative complaints "within 30 days," and provide the FEC the additional time requested above to carry out the needed tasks following the Court's remand.

Respectfully submitted,

Lisa J. Stevenson                           */s/  Robert W. Bonham III*
Acting General Counsel                      Robert W. Bonham III (D.C. Bar. No. 397859)
lstevenson@fec.gov                          Senior Attorney
                                            rbonham@fec.gov

Kevin Deeley                                Jin Lee (D.C. Bar. No. 484455)
Associate General Counsel                   Attorney
kdeeley@fec.gov                             jlee@fec.gov

Erin Chlopak (D.C. Bar. No. 496370)         COUNSEL FOR DEFENDANT
Assistant General Counsel                   FEDERAL ELECTION COMMISSION
echlopak@fec.gov                             999 E Street, N.W.
                                            Washington, DC  20463
                                            (202) 694-1650

                                            February 6, 2017