**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| LEVEL THE PLAYING FIELD, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15-cv-1397 (TSC) |
| FEDERAL ELECTION COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

On February 1, 2017, this court granted Plaintiffs' motion for summary judgment and held that the FEC's reason-to-believe determinations and subsequent dismissals in Matters Under Review 6869 and 6942 were arbitrary and capricious and contrary to law. On February 6, 2017, the FEC moved for clarification and/or reconsideration of this court's Order. (ECF No. 62). Three days later, Plaintiffs also filed a motion for clarification and partial opposition to the FEC's motion. (ECF No. 63). As explained further below, the FEC's motion is GRANTED IN PART and DENIED IN PART, and Plaintiffs' motion is GRANTED.

Under the Federal Elections Campaign Act, a court "may declare that the dismissal of the complaint . . . is contrary to law, and may direct the Commission to conform with such declaration within 30 days." 52 U.S.C. § 30109(a)(8)(C). Pursuant to this provision of the Act, this court ordered the FEC to "reconsider the evidence and allegations and issue a new decision consistent with this Opinion within 30 days." (ECF No. 61). The FEC now seeks clarification as to the scope of their obligations on remand.

Plaintiffs brought suit after the FEC determined with regard to two complaints that there was no reason to believe that respondents had violated the Act. This court found that in making

1

these reason-to-believe determinations the FEC acted arbitrarily and capriciously and contrary to law by failing to notify respondents, failing to consider evidence, failing to articulate its legal analysis, and failing to engage in reasoned decision-making with respect to its conclusion that the CPD's polling criterion was objective.  It is these determinations that the FEC must now revisit on remand.  Therefore, the court clarifies that its February 1 Order requires the agency to notify respondents, consider their written responses, consider the full evidence submitted by Plaintiffs, determine whether there is reason to believe any of the respondents has violated the Act, and issue a new statement of reasons in support of that determination.

      The FEC additionally seeks reconsideration with respect to the deadline by which they must have complied with this court's remand order.  Congress itself set a firm and expeditious deadline for reevaluating a dismissed complaint on remand:  thirty days.  52 U.S.C. § 30109(a)(8)(C).  The FEC requests additional time to make its reason-to-believe determinations because it must provide respondents with at least fifteen days to submit written responses to the allegations.  The FEC further points out that reconsidering the complaint and over 700 pages of exhibits from Plaintiffs "takes some time."  The court is perplexed by the FEC's assertion that it needs additional time to review the Plaintiffs' submissions given its earlier representations to the court that it had already carefully analyzed this evidence before dismissing Plaintiffs' administrative complaints.  Nevertheless, the court will grant the FEC's request for additional time.

      In the court's view, thirty additional days is more than sufficient to notify respondents, review their written responses, analyze the evidentiary record, and make a reason-to-believe determination on MURs 6869 and 6942.  The FEC is therefore ORDERED to complete these steps of the administrative process within sixty days from the court's initial Order, or by April 3,

2017.  If the FEC decides to file an appeal before that date, it remains free to seek a stay as needed.

The FEC additionally raised the concern that were it to find that there is reason to believe one or more respondents violated the Act, it would not be permitted to disclose such a finding publicly due to the Act's requirements.  *See* 52 U.S.C. § 30109(a)(12)(A) ("Any notification or investigation made under this section shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made.").  However, there are numerous mechanisms by which the FEC may notify the court and the Plaintiffs of its findings while adhering to the Act's requirement that an investigation "shall not be made public," such as requesting a protective order before filing a notice with this court.

Finally, Plaintiffs request that the court expressly retain jurisdiction over this matter pending the remand to the FEC, in order to allow them to bring an additional challenge if necessary.  Because any further claims Plaintiffs bring regarding the FEC's reconsideration on remand of MURs 6869 and 6942 will be closely related to the issues already analyzed in this case, the court will retain jurisdiction pending remand.  *See Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001) (district court may retain jurisdiction pending agency remand); *Banner Health v. Burwell*, 126 F. Supp. 3d 28, 105 (D.D.C. 2015) (same).

Date:  February 10, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge