**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEVEL THE PLAYING FIELD, PETER ACKERMAN, GREEN PARTY OF THE UNITED STATES, and LIBERTARIAN NATIONAL COMMITTEE, INC.<br><br>     Plaintiffs,<br><br>     v.<br><br>FEDERAL ELECTION COMMISSION<br><br>     Defendant. | Civil Action No.: 15-cv-1397 (TSC) |

## MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT AND FOR A SCHEDULE SETTING THE FEC'S TIME TO RESPOND

Following the Court's grant of summary judgment to Plaintiffs and remand to the FEC, the FEC reconsidered Plaintiffs' administrative complaints and petition for rulemaking and again dismissed them. Plaintiffs seek to challenge these new dismissals as arbitrary, capricious, and contrary to law.

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs request leave to file a supplemental complaint challenging the FEC's decisions on remand. Proceeding by supplemental complaint is an established procedure for challenging administrative action following remand. It makes particular sense here because this Court expressly retained jurisdiction over these proceedings. **Plaintiffs respectfully request that the Court rule on their motion by May 23, 2017**, so that Plaintiffs have sufficient time to meet the deadline imposed by the Federal Election Campaign Act ("FECA").

In addition, at the request of the FEC, Plaintiffs request that the FEC be given 60 days to answer or otherwise respond to the supplemental complaint and 30 days thereafter to file the certified indices for the administrative records. This is the amount of time the FEC would have if Plaintiffs filed a new action. *See* Fed. R. Civ. P. 12(a)(2); LCvR 7(n)(1).

As explained in greater detail below, the parties have conferred pursuant to Local Civil Rule 7(m). The parties agreed on the ultimate relief requested by this motion, but were unable to agree on the form of a joint motion.

**A.    Background**

On February 1, 2017, the Court granted Plaintiffs' motion for summary judgment, holding that the FEC's dismissal of Plaintiffs' administrative complaints and denial of Plaintiffs' petition for rulemaking was arbitrary, capricious, and contrary to law. Accordingly, the matter was remanded to the FEC for reconsideration. (ECF Nos. 60, 61). In a subsequent motion for clarification, Plaintiffs "request[ed] that the court expressly retain jurisdiction over this matter pending the remand to the FEC, in order to allow them to bring an additional challenge if necessary." (ECF No. 64 at 3). On February 10, 2017, the Court granted Plaintiffs' motion and expressly "retain[ed] jurisdiction pending remand" to hear "any further claims Plaintiffs bring regarding the FEC's reconsideration on remand." (*Id.*).

On March 23, 2017, the FEC again voted to deny Plaintiffs' petition for rulemaking, and on March 29, 2017, the FEC again voted to dismiss Plaintiffs' administrative complaints. As with the FEC's original decisions, both decisions on remand were arbitrary, capricious, and contrary to law, and Plaintiffs seek to invoke the Court's jurisdiction to file a petition challenging them.

The FECA provides that "[a]ny party aggrieved by an order of the [FEC] dismissing a complaint filed by such party . . . may file a petition with the United States District Court for the District of Columbia" and that such petition "shall be filed . . . within 60 days after the date of the dismissal." 52 U.S.C. § 30109(a)(8)(A)-(B).[1]  Consequently, Plaintiffs' deadline to file a petition challenging the dismissal of their administrative complaints is May 28, 2017 (60 days after the FEC's March 29 vote to dismiss).

**B.  Leave To File Supplemental Complaint**

1. Plaintiffs request leave to file a supplemental complaint challenging the FEC's decisions on remand.  *See* Fed. R. Civ. P. 15(d).  Where, as here, a court retains jurisdiction over post-remand proceedings, a supplemental complaint filed before the same judge is an appropriate procedure for petitioning for relief.  Courts regularly entertain supplemental complaints that challenge agency decisions on remand.  *See Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 59 (D.D.C. 2014) (observing that plaintiffs had challenged the agency's new decision via supplemental complaint and that the court had set a briefing schedule); *A.N.S.W.E.R. Coal. v. Salazar*, No. CIV.A. 05-0071 PLF, 2012 WL 8667570, at *8 (D.D.C. Mar. 5, 2012) (granting plaintiff's motion to file a supplemental complaint challenging the agency's new decision).  Indeed, Plaintiffs' supplemental complaint will petition this Court for relief from the FEC's latest decision, and there is no reason why this challenge must take the form of an entirely new action in a new docket.

Pursuant to Local Civil Rule 7(m), the parties conferred via telephone and email over the course of approximately one week and reached an agreement in principle, as acknowledged by

---

[1]  By contrast, a challenge to the denial of a rulemaking petition under the Administrative Procedure Act may be brought within six years. *Cf. Harris v. F.A.A.*, 353 F.3d 1006, 1009-10 (D.C. Cir. 2004).

the FEC in writing, that (1) Plaintiffs would be permitted to file a supplemental complaint, and (2) Plaintiffs consented to the response deadlines set forth above. The only disagreement was over the form of a joint submission. The FEC took the position that challenges to agency actions on remand are "required" to be made in a new action, and that the FEC would merely agree to "waive" the requirement of a separate suit in this case so that the supplemental complaint could be deemed a petition for review. Plaintiffs disagree with this characterization of the law, and the FEC has indicated that it intends to file a response to this motion explaining its position.[2]

In any event, proceeding by supplemental complaint would not prejudice the FEC because Plaintiffs consent to a scheduling order that provides the FEC with the same amount of time to respond to the supplemental complaint as it would have to respond to a new action.

2. In addition, Plaintiffs respectfully request that the Court rule on their motion by May 23, 2017, so that Plaintiffs may file their supplemental complaint prior to the May 28 FECA deadline. While Plaintiffs' motion itself qualifies as a "petition" under the FECA,[3] out of an

---

[2] The FEC purports to rely on *Heartland Regional Medical Center v. Leavitt*, 415 F.3d 24, 30 (D.C Cir. 2005), and *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, No. 14-cv-1419 (CRC) (D.D.C. Apr. 6, 2017) ("*CREW*"), ECF No. 74, at 5. But these decisions merely precluded the plaintiffs from challenging the decisions on remand via motions to enforce the prior judgment, *see Heartland*, 415 F.3d at 30; *CREW*, ECF No. 74, at 1, 4-5, which is not what Plaintiffs here are trying to do. The plaintiffs in those cases had apparently elected to file new actions, but there was nothing that obligated them to do so. And in neither case did the court expressly retain jurisdiction to hear the plaintiffs' challenge following remand, as the Court did here, to obviate the need for a separate action. The FEC also cites several cases in which plaintiffs happened to file new actions post-remand, but those courts did not even address the appropriate mechanism for bringing such a challenge, let alone suggest that a supplemental complaint would be improper. *See La Botz v. FEC*, 61 F. Supp. 3d 21, 27 (D.D.C. 2014); *Akins v. FEC*, 736 F. Supp. 2d 9, 13-16 (D.D.C. 2010); *Common Cause v. FEC*, No. 86-cv-3465 (JHP), 1988 WL 66206, at *1 (D.D.C. June 15, 1988).

[3] Plaintiffs submit that the present motion invokes Plaintiffs' right to seek judicial review of the agency's decisions and alerts the agency of the challenge to its decisions, just like a petition for review of agency action in the Court of Appeals. *See* Fed. R. App. P. 15(a) & Form 3.

abundance of caution, Plaintiffs also seek to file their supplemental complaint before the deadline. Plaintiffs may not do so, however, until they receive permission from this Court. *See* Fed. R. Civ. P. 15(d).

**C.     Schedule For The FEC's Response**

The parties agree that the FEC should be accorded the same time to respond to the supplemental complaint as it would have for a new lawsuit. *See* Fed. R. Civ. P. 12(a)(2); LCvR 7(n)(1). Accordingly, Plaintiffs request that the FEC have 60 days to answer or otherwise respond to the supplemental complaint and 30 days thereafter to file the certified indices for the administrative records.

Dated: May 19, 2017
       New York, New York

                                        Respectfully submitted,

                                        /s/ Alexandra A.E. Shapiro
                                        Alexandra A.E. Shapiro (D.C. Bar No. 438461)
                                        SHAPIRO ARATO LLP
                                        500 Fifth Avenue
                                        40th Floor
                                        New York, New York 10110
                                        Phone: (212) 257-4880
                                        Fax: (212) 202-6417

                                        *Attorneys for Plaintiffs Level the Playing Field, Peter Ackerman, Green Party of the United States, and Libertarian National Committee, Inc.*