UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVEL THE PLAYING FIELD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:15-cv-01397 (TSC) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | Response to Motion for Leave to |
| ) | File and for Schedule |
| Defendant. ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S
RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SUPPLEMENTAL COMPLAINT AND
FOR A SCHEDULE SETTING THE FEC'S TIME TO RESPOND**

Plaintiffs have filed a motion for leave to file a supplemental complaint. (Docket No. 68.) As they note in their motion, the parties met and conferred, and the Commission agreed to consent to plaintiffs' motion in consideration of plaintiffs' stipulation to allow the Commission to file its response to plaintiffs' supplemental complaint and certified lists of the contents of the administrative records based on the time periods that would apply in a new action. The Commission consents to plaintiffs' motion in this particular instance, as explained below, but here clarifies its view on the legal issues for the benefit of a clear record in any future cases involving review of actions on remand.

Challenges to agency actions on remand that exceed the scope of the relevant judgment are required to be made in a new action challenging the agency's post-remand decisions. *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 23, 30 (D.C Cir. 2005); *Citizens for Responsibility and Ethics in Washington v. FEC*, No. 14-1419-CRD, slip op. at 5, (D.D.C. Apr.

6, 2017) (noting that arguments unrelated to issues resolved in a court's previous ruling are "properly taken up in a separate suit") (citing *Heartland*, 415 F.3d at 30). The Court's orders in this matter required that the Commission complete certain steps in the administrative process and issue new decisions, and the agency has done so. By seeking to supplement their complaint and challenge those new decisions, plaintiffs seek to bring a challenge that exceeds the scope of the Court's previous rulings. Plaintiffs are thus required to file a new action, as many other challengers to post-remand FEC actions have done in the past. *See, e.g., La Botz v. FEC*, 61 F. Supp. 3d 21, 27 (D.D.C. 2014) (discussing procedural history of predecessor lawsuit); *Akins v. FEC*, 736 F. Supp. 2d 9, 13-16 (D.D.C. 2010) (same); *Common Cause v. FEC*, No. 86-3465 JHP, 1988 WL 66206, at *1 (D.D.C. June 15, 1988) (same).[1] Although courts may, in some cases, retain jurisdiction over a remanded matter, *inter alia*, to ensure compliance with the specific terms of a court's remand order, *e.g.*, *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001), the ordinary procedure for challenging a *new* administrative determination is to do so in a separate action, which may be noticed as a related case.[2]

As plaintiffs indicate in their motion, notwithstanding the above, and in consideration of plaintiffs' stipulation to allow the Commission to file its response to plaintiffs' supplemental

---

[1]   Plaintiffs cite two district court cases (Pls.' Mot. at 3) as purported authority for their request, but neither of those cases directly supports plaintiffs' legal position. Unlike here, the plaintiffs in *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 59 (D.D.C. 2014), did not seek relief beyond the scope of the existing judgment. And in *A.N.S.W.E.R. Coalition v. Salazar*, No. CIV.A. 05-0071 PLF, 2012 WL 8667570, at *8 (D.D.C. Mar. 5, 2012), the amendment of the plaintiffs' complaint was not contested.

[2]   Plaintiffs reference their request that this Court retain jurisdiction over this matter pending remand. (Pls.' Mot. at 2.) That request was made in plaintiffs' February 9, 2017 partial opposition (Docket No. 63) to the Commission's earlier-filed motion for clarification (Docket No. 62). The Court's Order (Docket No. 64) granting in part the Commission's clarification motion and plaintiffs' request that the Court retain jurisdiction over this matter was issued the following day, on February 10, 2017, without the benefit of any briefing from the Commission on plaintiffs' request.

complaint and the certified lists of the contents of the administrative records based on the time periods that would apply in a new action, the Commission has consented in this particular case to plaintiffs' motion for leave to pursue their challenge to the Commission's post-remand action by filing a supplemental complaint in case No. 15-1397.  To comply with 52 U.S.C. § 30109(a)(8)(B), any supplemental complaint challenging the Commission's post-remand decision on plaintiffs' administrative complaint must be filed "within 60 days after the date of dismissal."  Though the FEC disagrees with plaintiffs' suggestion, (Pls.' Mot. at 4 n.3), that their motion by itself qualifies as a legally sufficient "petition for review" of an enforcement dismissal under FECA, the Commission has agreed to waive the separate-suit requirement in this case and consent to the challenge in the proposed supplemental complaint being deemed a petition for review.

                                                                Respectfully submitted,

Lisa J. Stevenson                                               /s/  Robert W. Bonham III
Acting General Counsel                                          Robert W. Bonham III (D.C. Bar. No. 397859)
lstevenson@fec.gov                                              Senior Attorney
                                                                rbonham@fec.gov
Kevin Deeley
Associate General Counsel                                       Haven G. Ward (D.C. Bar. No. 976090)
kdeeley@fec.gov                                                 Attorney
                                                                hward@fec.gov
Erin Chlopak (D.C. Bar. No. 496370)
Assistant General Counsel                                       COUNSEL FOR DEFENDANT
echlopak@fec.gov                                                FEDERAL ELECTION COMMISSION
                                                                 999 E Street, N.W.
                                                                Washington, DC  20463
May 19, 2017                                                    (202) 694-1650