**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEVEL THE PLAYING FIELD, PETER ACKERMAN, GREEN PARTY OF THE UNITED STATES, and LIBERTARIAN NATIONAL COMMITTEE, INC.

        Plaintiffs,

v.

FEDERAL ELECTION COMMISSION

        Defendant.

Civil Action No.: 15-cv-1397 (TSC)

**PLAINTIFFS LEVEL THE PLAYING FIELD, PETER ACKERMAN, GREEN PARTY OF THE UNITED STATES, AND LIBERTARIAN NATIONAL COMMITTEE, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO SUPPLEMENT THE RECORD**

The FEC presents no serious objection to Plaintiffs' motion to supplement the record. The agency now claims (at 1) that the Court may only consider "materials the agency decisionmakers actually" reviewed, but it previously conceded that those materials may be supplemented "when the agency deliberately or negligently excluded documents … adverse to its decision" or when "background information is needed to determine whether the agency considered all relevant factors."  Mot. to Strike at 6-7; *see also, e.g.*, *Carlton v. Babbitt*, 26 F. Supp. 2d 102, 106-08 (D.D.C. 1998) (supplementing record based on these factors).  The FEC does not dispute that Plaintiffs' supplemental materials satisfy these criteria.  (*See* Pl. Mot. to Supplement at 2-6).

Second, this motion is not untimely, as the FEC erroneously claims (at 2).  After the FEC identified the extra-record materials to which it objected, Plaintiffs moved to supplement the record with those materials.  To file the motion earlier, before Plaintiffs' even knew which materials (if any) were in dispute, would have made no sense.  *See, e.g.*, *Beyond Nuclear v. U.S. Dep't of Energy*, 233 F. Supp. 3d 40, 47-48 (D.D.C. 2017) (considering motion to supplement filed in response to agency's motion to strike).

Finally, this motion cannot be informally "narrow[ed]" or "resolve[d]."  (FEC Opp. at 2-3).  It is simply a mirror image of the motion to strike—in both motions, the parties dispute whether the same set of documents may be considered on summary judgment.[1]  The parties unsuccessfully met and conferred about this precise issue, and the FEC's opposition brief once again confirms that the FEC opposes the relief sought in its entirety.

---

[1]  The FEC falsely accuses Plaintiffs (at 3) of using this reply to exceed the ten-page limit for "Plaintiffs' opposition to Defendant's Motion to Strike."  Even if that page limit applied to the motion to supplement, neither Plaintiffs' opposition to the motion to strike nor this brief—either separately or in combination—exceed the page limit.

1

Dated: December 1, 2017
       New York, New York

                                      Respectfully submitted,

                                        /s/   Alexandra A.E. Shapiro
                                      Alexandra A.E. Shapiro (D.C. Bar No. 438461)
                                      Eric S. Olney (*admitted pro hac vice*)
                                      SHAPIRO ARATO LLP
                                      500 Fifth Avenue
                                      40th Floor
                                      New York, New York 10110
                                      Phone:  (212) 257-4880
                                      Fax:  (212) 202-6417

                                      *Attorneys for Plaintiffs Level the Playing Field,*
                                      *Peter Ackerman, Green Party of the United States,*
                                      *and Libertarian National Committee, Inc.*