IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVEL THE PLAYING FIELD, PETER ACKERMAN, GREEN PARTY OF THE UNITED STATES, and LIBERTARIAN NATIONAL COMMITTEE, INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>　　　　　　　　Defendant. | Civil Action No.: 15-cv-1397 (TSC) |

## MOTION SEEKING A RESOLUTION OF THE PARTIES' SUMMARY JUDGMENT MOTIONS

Plaintiffs Level the Playing Field ("LPF"), Dr. Peter Ackerman, the Green Party of the United States, and the Libertarian National Committee, Inc. respectfully move for the earliest possible resolution of Plaintiffs' and Defendants' respective motions for summary judgment.

Because of the Court's familiarity with the case, we summarize the background only briefly. On September 11, 2014, Plaintiffs filed an administrative complaint with the FEC alleging that the Commission on Presidential Debates ("CPD") and twelve of its directors violated FECA. *Level the Playing Field v. Fed. Election Comm'n*, 232 F. Supp. 3d 130, 136 (D.D.C. 2017). The CPD has staged every general election debate since 1988 and accepts undisclosed corporate donations to pay its costs. *Id.* at 134. As Plaintiffs allege, these donations violate FECA because the CPD is a partisan organization that supports the major party presidential nominees and uses biased, exclusionary debate-qualifying criteria to ensure that only those nominees will participate in the debates. (ECF Nos. 1, 70). On the same day it filed the

administrative complaint, LPF also filed a petition for rulemaking that sought to bar the CPD's debate-qualifying criteria, and in particular a polling criterion that is designed to and does exclude independent and third party candidates from the debates.  *Level the Playing Field*, 232 F. Supp. 3d at 137.

The FEC summarily dismissed the administrative complaint and the rulemaking petition. *Id*. at 136-37.  On August 27, 2015, Plaintiffs filed a complaint in this Court petitioning for review of the FEC's decisions.  (ECF No. 1).  All parties moved for summary judgment.  On February 1, 2017, the Court struck down those decisions as arbitrary, capricious, and contrary to law, and remanded the matter to the FEC for reconsideration.  (ECF Nos. 60, 61).

On March 23, 2017, the FEC again denied Plaintiffs' petition for rulemaking and voted to dismiss Plaintiffs' administrative complaints.  On May 26, 2017, Plaintiffs filed their Supplemental Complaint challenging those decisions.  (ECF No. 70).  The FEC answered on August 25, 2017.  (ECF No. 82).  On September 15, 2017, Plaintiffs moved for summary judgment, and the FEC cross-moved on October 13, 2017.  (ECF Nos. 83, 90-91).  Briefing on the summary judgment motions was completed on December 8, 2017.  (ECF Nos. 103-04).

Plaintiffs respectfully request that the Court decide these motions at its earliest possible convenience.  Their time-sensitivity arises from the presidential election cycle.  Should the Court rule in Plaintiffs' favor, additional time-consuming litigation would be required to ensure that the debate-qualifying criteria are changed prior to the 2020 election.  For example, as detailed in the Supplemental Complaint, Plaintiffs would need to institute a new action asserting claims directly against the CPD under FECA's remedial provisions, and the FEC would be required to institute a rulemaking to revise the current debate-qualifying criteria.  (*See* ECF No. 70 ¶¶ 9, 79, 82).  And we anticipate that the FEC would appeal any adverse decisions, giving rise to further delays.

On the other hand, should the Court rule against Plaintiffs, the appellate process could take a significant amount of time to resolve.

Moreover, many independent candidates need to know whether the debate rules will change at least approximately 18 months before the election to make an informed decision whether to run for president, because that is when most competitive campaigns are launched. Indeed, it is not uncommon for candidates to begin their campaigns even earlier; at least 11 Democrats have already announced their candidacies, and more announcements will likely follow in the coming months.[1]  Practically speaking, Plaintiffs would need to complete the entire process in 2019 for a favorable decision from this Court or the D.C. Circuit to impact the 2020 race.

We want to emphasize that we fully appreciate the time pressures this Court faces and the limited resources the Court has to address the many pressing matters arising from its caseload. The purpose of this motion is not to suggest otherwise, but merely to ensure that the Court is aware of the unique factors present in this case, in the event the Court does wish to consider them when prioritizing its docket.

The FEC states that takes no position on the motion but reserves the right to file a response, if necessary, after it has a chance to review the motion and the relief requested.

We sincerely appreciate the Court's attention to this matter.

---

[1]  *See, e.g.*, https://www.nytimes.com/interactive/2019/us/politics/2020-presidential-candidates.html.  In addition, billionaire former Starbucks CEO Howard Schultz is reportedly contemplating an independent presidential bid.  *Id*.  As explained in the summary judgment briefing, under the present debate-qualifying criteria, only a self-funded billionaire is capable of achieving the name recognition required to qualify for the debates under the current rules as an independent.  (*See* ECF. No. 83 at 7, 29; ECF. No. 98 at 17).

WHEREFORE, Plaintiffs respectfully request that Court resolve the pending summary judgment motions at its earliest convenience.

Dated: February 12, 2019

Respectfully submitted,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
(D.C. Bar No. 438461)
Eric S. Olney
(*admitted pro hac vice*)
SHAPIRO ARATO LLP
500 Fifth Avenue
40th Floor
New York, New York 10110
Phone: (212) 257-4880
Fax: (212) 202-6417

*Attorneys for Plaintiffs*